```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
LOU-ANN ELIAS,                      :
                                    :
                    Plaintiff,      :         07 Civ. 10260 (TPG)
                                    :
        - against -                 :         **OPINION**
                                    :
CITY OF NEW YORK and THE NEW        :
YORK POLICE DEPARTMENT,             :
                                    :
                    Defendants.     :
                                    :
------------------------------------x
                                    :
LOU-ANN ELIAS,                      :
                                    :
                    Plaintiff,      :         08 Civ. 3540 (TPG)
                                    :
        - against -                 :
                                    :
CITY OF NEW YORK, et al.,           :
                                    :
                    Defendants.     :
                                    :
------------------------------------x

Plaintiff pro se Lou-Ann Elias has filed two related cases alleging employment discrimination and civil rights violations. Defendants in these cases have filed a variety of dispositive motions. The motions are granted.

## Procedural History

Plaintiff filed the complaint in case 07 Civ. 10260 on November 9, 2007. The complaint was originally filed against the City of New York ("the City"), the New York Police Department ("NYPD"), and Brookdale

Hospital ("Brookdale"). Plaintiff later sought leave to amend the complaint to, among other things, withdraw her claims against Brookdale. That motion was granted on October 8, 2008. The operative complaint in case 07 Civ. 10260 is therefore the Second Amended Complaint, which asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against the City and the NYPD. Both defendants have moved for summary judgment on plaintiff's claims.

On April 11, 2008, plaintiff filed the complaint in case 08 Civ. 3540, asserting claims against numerous defendants: the City, Mayor Bloomberg, the NYPD, NYPD Commissioner Kelly, NYPD Inspector Maddrey, NYPD Lieutenant Caesar, NYPD Lieutenant Magoolahan, and the Board of Trustees of the Police Pension Fund (collectively, the "City defendants"); the Patrolmen's Benevolent Association ("PBA"); the law firm Worth, Longworth & London LLP and its employee Craig Hayes (collectively, "WLL"); Brookdale Hospital Medical Center ("Brookdale"); and the City of New York Commission on Human Rights and its employees Sheetal Kale and Adam Aprigliano (collectively, "CHR"). Plaintiff asserts four categories of claims against these defendants: constitutional violations actionable under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986; discrimination in a place of public accommodation, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq.; discrimination in violation of section 296 of New York state's Human Rights Law and title 8 of the New York City

Administrative Code; and, against the PBA, a violation of 29 U.S.C. § 159, which regulates collective bargaining units. The factual allegations in case 08 Civ. 3540 are largely the same as those in case 07 Civ. 10260.

All of the defendants in case 08 Civ. 3540 have filed dispositive motions. The City defendants have moved for summary judgment. The PBA has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5). WLL has moved to dismiss the complaint under Rules 12(b)(6) and 12(b)(1). Brookdale has moved to dismiss the complaint under Rule 12(b)(6).

CHR filed a motion styled as a "Motion for Judgment on the Pleadings" under Rule 12(c). Such a motion would be premature, since CHR has not answered the complaint. However, the motion actually seeks dismissal of the complaint because it fails to state a claim and because the court lacks subject matter jurisdiction. The court will therefore construe the motion as one under Rule 12(b)(6) and 12(b)(1).

Plaintiff has submitted only a cursory response to these motions. On January 8, 2009, she filed what was styled as an "affirmation" stating that the City defendants' motion for summary judgment should be denied. The affirmation set forth six brief statements in support of this position, but did not dispute any of the facts relied on by the City defendants for their motion. Plaintiff has made no submissions in response to the motions filed by the other defendants.

Factual Allegations in the Complaints

Plaintiff makes the following allegations in her complaints, which are taken as true for purposes of the Rule 12 motions filed by most of the defendants.

Plaintiff is African-American, female, and a Christian who practices "Sabbath observance." (Her religion has been identified by defendants in undisputed submissions as Seventh-Day Adventism.) She was employed as an NYPD officer beginning in July 2002.

Plaintiff alleges that she was discriminated against during her first years as a police officer because (1) her probationary status was not terminated within two years, as is customary; (2) one of her initial job assignments involved "night duty," in violation of usual NYPD procedures; (3) she was the only person in her unit not to be given time off during the weekend; and (4) she was suspended in July 2005 after being "involved in a domestic incident."

The bulk of the allegedly discriminatory events occurred after February 2007, when plaintiff requested a religious accommodation from the NYPD—specifically, that she not be assigned duties from sunset on Fridays to sunset on Saturdays. Plaintiff's supervisors granted this request.

Plaintiff alleges that notwithstanding her supervisors' decision to approve the religious accommodation, they subsequently discriminated against her. Most significantly, she alleges that her work responsibilities

changed.  Prior to the request for an accommodation, she was given "patrol assignments" between 45% and 72% of time.  After the request, she was given patrol assignments from 0% to 26% of the time.  Instead, she was often assigned to duty at Brookdale and other hospitals and given "solo assignments," assignments outside her precinct, or other "unusual assignments."  Plaintiff alleges that she was ultimately suspended in retaliation for filing the complaint in case 07 Civ. 10260.

Plaintiff also identifies several discrete incidents that she believes occurred in response to her accommodation request.  On February 14, 2007, plaintiff was assigned duties that conflicted with an appointment to visit "the range" (presumably a shooting range).  On March 9, six hours of compensatory time were omitted from plaintiff's pay stub, although they were later credited to her.  On March 12, her supervisors denied her request for time off to attend a friend's baby shower.  On March 19, her supervisor "screamed" at her.  After she requested a "name/status change" on April 17, there was "quite a delay before the request was honored."  On April 24, plaintiff was placed in an NYPD "performance monitoring" program.  In May or June, her name was omitted from the roll call list during a shift.

Furthermore, plaintiff alleges that she experienced problems with her police radio, and that her coworkers harassed her, exhibited "[u]nusual behavior," failed to comply with unspecified "Patrol Guide procedures," and failed to relieve her promptly at the end of her shift.

Plaintiff also identifies a variety of personal problems that she presumably believes are related to the alleged discrimination, including water damage to her home, problems with her personal cell phone, problems with her mail delivery at home, and unspecified "threats to and about Plaintiff [and her] family members."

Plaintiff alleges that the City and the NYPD were responsible for most or all of these actions, and for failing to correct the allegedly unlawful practices. She also alleges that defendants Maddrey, Caesar, and Magoolahan participated in some of these actions. She claims that the PBA and WLL failed to properly assist her in addressing these problems. She also claims that CHR failed to properly assist her, threatened retaliation by the City for filing discrimination claims, and cited a statute incorrectly during a conversation with plaintiff in order "to make fun of Plaintiff's status as a victim of domestic violence."

Finally, plaintiff claims that Brookdale conspired with the NYPD in its efforts to post plaintiff at Brookdale as a means of harassment and retaliation. She also alleges that she was assigned to guard certain Brookdale patients because they were "more privileged than other patients," and that Brookdale was harassing plaintiff in retaliation for a discrimination complaint filed against Brookdale by plaintiff's mother, a Brookdale employee.

## The Employment Discrimination Claims

Plaintiff asserts claims of employment discrimination and retaliation under Title VII, §§ 1981 and 1983, New York state law, and New York City regulations. None of these claims has merit.

To the extent that plaintiff is asserting employment discrimination claims against the non-City defendants, those claims are dismissed because plaintiff was not an employee of those defendants. Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 370-71 (2d Cir. 2006); N.Y. City Transit Auth. v. New York, 89 N.Y.2d 79, 86 (1996). Plaintiff's claims under 42 U.S.C. § 1983 against the non-City defendants are also dismissed because she has failed to plead facts that would show that these defendants, all of whom are private actors, were acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's claims against the City defendants for discrimination on the basis of religion must survive the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The same analysis is applied to plaintiff's claims under Title VII, §§ 1981 and 1983, New York state law, and New York City regulations, as well as her claims of retaliation. Patterson v. County of Oneida, 375 F.3d 206, 226-27 (2d Cir. 2004); Demoret v. Zegarelli, 451 F.3d 140, 152 (2d Cir. 2006); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998); Landwehr v. Grey Adver. Inc., 211 A.D.2d 583 (1st Dep't 1995).

Under this framework, plaintiff has the initial burden of establishing a prima facie case of discrimination by demonstrating membership in a protected class, satisfactory job performance, an adverse employment action (i.e., a materially adverse change in the conditions of employment), and conditions giving rise to an inference of discrimination. <u>Demoret v. Zegarelli</u>, 451 F.3d 140, 151 (2d Cir. 2006); <u>Mathirampuzha v. Potter</u>, 548 F.3d 70, 78-79 (2d Cir. 2008). The burden then shifts to defendants, who must articulate a legitimate, nondiscriminatory reason for their actions. <u>Demoret</u>, 451 F.3d at 151. Finally, plaintiff may attempt to demonstrate that the reason articulated by defendants was in fact pretext. <u>Id.</u>

Plaintiff has failed to establish a prima facie case of discrimination. As an initial matter, plaintiff admits that her request for a religious accommodation was granted by her supervisors, undercutting any claim of discrimination on the basis of religion. Nothing in the complaint offers any basis for plaintiff's claims that she was discriminated against on the basis of race or sex.

Moreover, City defendants have offered evidence, which is undisputed by plaintiff, establishing that she failed to perform her job satisfactorily. After an incident in July 2005, she was disciplined by the NYPD because of her "deliberate ignorance toward criminal activity" after she was found by police officers at a home at which marijuana was being grown. The NYPD therefore suspended plaintiff for forty days, extended

her probationary status, and assigned her to a special program that involved additional monitoring by her supervisors. Plaintiff's job performance apparently diminished further over time. She failed to help another officer requiring assistance, refused to comply with her supervisors' orders, she failed to report to work, failed to work well with her colleagues and supervisors, and was rude to members of the public while on duty at Brookdale.

Such behavior indicates that plaintiff failed to perform her duties in a satisfactory manner. Moreover, even if plaintiff had established a prima facie case of discrimination, this behavior gave the NYPD legitimate, nondiscriminatory reasons to alter plaintiff's work responsibilities. Plaintiff has offered no evidence that these reasons were merely pretextual. Her claims of employment discrimination and retaliation therefore do not survive the standards established by McDonnell Douglas and its progeny.

Plaintiff's claims under § 1981 fail for several additional reasons. To the extent that plaintiff has asserted claims of discrimination on the basis of gender or religion, those claims are not cognizable under § 1981. Patterson, 375 F.3d at 225 (2d Cir. 2004). To the extent that she is asserting § 1981 claims against the City, or against the individual City defendants in their official capacities, plaintiff has failed to establish that their actions "were performed pursuant to a municipal policy or custom." Id. at 226. Finally, to the extent that she is asserting § 1981 claims

against the individual defendants in their individual capacities, she has failed to show that the discrimination was intentional and that the individuals were personally involved in such discrimination.  Id.

Plaintiff's claims under Title VII, New York state and city law, and §§ 1981 and 1983 are therefore dismissed.  Because plaintiff's claims are dismissed on these other grounds, the court need not reach defendants' argument that plaintiff has failed to exhaust her administrative remedies with respect to some of her discrimination claims.

### Plaintiff's Other Claims

Plaintiff's remaining claims fail for several reasons.

First, under New York law, the NYPD does not have capacity to be sued.  See Koulkina v. City of New York, 559 F. Supp. 2d 300, 315 (S.D.N.Y. 2008).

Second, the complaint fails to allege acts that suggest any discriminatory intent whatsoever.  This is particularly true as to the non-City defendants.

Third, the remaining causes of action are legally deficient for the following reasons.

Plaintiff's claim under 42 U.S.C. § 1982, which prohibits racial discrimination as to the right "to inherit, purchase, lease, sell, hold, and convey real and personal property," has no merit.  Plaintiff has alleged no facts indicating that she was deprived of this right, or that such a deprivation occurred for discriminatory reasons.

Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 also fail. These claims require plaintiff to allege, with at least some degree of particularity, overt acts related to the conspiracy by the defendants. Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999). Claims that are couched in terms of conclusory allegations and fail to demonstrate some invidiously discriminatory animus are subject to dismissal. Temple of Lost Sheep Inc. v. Abrams, 930 F.2d 178, 185 (2d Cir. 1991). Here, the only allegations of conspiracy relate to an alleged agreement between Brookdale and the NYPD for plaintiff to be assigned to Brookdale. However, these are, at best, conclusory allegations that fail to demonstrate a discriminatory animus.

Plaintiff's claims under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which prohibits "discrimination or segregation" in "any place of public accommodation," fail because she has not pled facts indicating that such discrimination or segregation occurred.

Plaintiff also asserts a claim against the PBA under 29 U.S.C. § 159. That statute governs various aspects of collective bargaining units that are not at issue in this litigation. It therefore does not provide a meaningful basis for plaintiff's claims. To the extent that plaintiff intends to assert a claim against the PBA for breaching its duty of fair representation, she has failed to plead facts indicating that the PBA's actions were "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967).

## Conclusion

City defendants' motion for summary judgment in both cases is granted. The other defendants' motions to dismiss the complaint in case 08 Civ. 3540 are granted, and plaintiff's complaint is dismissed with prejudice. The Clerk of the Court is directed to close both cases and enter judgment for defendants.

SO ORDERED.

Dated: New York, New York
May 27, 2009

*Thomas P. Griesa*

Thomas P. Griesa
U.S.D.J.